UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



**FILED**

OCT 1 3 2017

CLERK

| | |
|---|---|
| BENJAMIN ANTHONY JOHNSON, | 4:17-CV-04083-RAL |
| Petitioner, | |
| vs. | OPINION AND ORDER SCREENING AND DISMISSING CASE |
| WARDEN RICHARD HUDGINS, | |
| Respondent. | |

Petitioner Benjamin Anthony Johnson is currently incarcerated at the Federal Prison Camp in Yankton, South Dakota. Johnson brings this habeas corpus action pursuant to 28 U.S.C. § 2241, in order to challenge the calculation of his sentence in *United States v. Flenory, et al.*, No. 05-cr-80955-AC-RSW-11 (E.D. Mich. 2005). Johnson seeks credit under 18 U.S.C. § 3585(b) for 413 day he spent in custody before he "physically entered a [f]ederal [p]rison." Doc. 1. The 413 days include those between November 17, 2008, his sentencing date, and January 4, 2010, the date he alleges he entered a federal prison. For the reasons discussed below, his petition is screened and dismissed.

## FACTS

Johnson was part of the "Black Mafia Family," a large cocaine distribution conspiracy based in Detroit. *See United States v. Johnson*, 371 F. App'x 631, 633 (6th Cir. 2010). In 2005, he was indicted by a federal grand jury for conspiring to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841 and 846; for possession with intent to distribute more than 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1); and for

conspiracy to launder monetary instruments in violation of 19 U.S.C. §§ 1956(a)(1) and 1956(h). *Id.* In 2007, Johnson pled guilty to conspiracy to distribute five or more kilograms of cocaine and to conspiracy to launder monetary interests. *Id.*

In preparation for sentencing, the United States Probation Office prepared a presentence investigation report. *Id.* The presentence report concluded that Johnson's offense level was 38—a number two levels higher than the offense level computed by the plea agreement, as Johnson proved ineligible for the two-level safety valve reduction of Section 2D1.1(b)(9) of the Sentencing Guidelines. *Id.* Johnson was not eligible for that reduction, according to the Probation Office, because he was a manager or leader of others involved in the offense and because he had more than one criminal history point. *Id.* Johnson's advisory guidelines range, based on an offense level of 38 and a criminal history category of II, was 262 to 327 months of imprisonment. *Id.*

After the presentence report was submitted, the district judge held a sentencing hearing on May 12, 2008. Doc. 1-5. At the hearing, Johnson's lawyer argued that Johnson should get credit for the time he served in a state prison during the pendency of his federal case. *Id.* at p. 5. The district judge initially denied the request but then decided that Johnson's lawyer should be given an opportunity to brief the matter. *Id.* at p. 8. The district judge deferred the sentencing hearing and heard arguments from both sides. *Id.*

A second sentencing hearing was held on November 17, 2008. Doc. 1-6. At that hearing, the district judge sentenced Johnson to 150 months in prison, which was to begin that day. *Id.* at p. 3. The district judge further clarified that "The sentence commences today, but any time he has to stay with the State he gets credit against the 150 months[.]" *Id.* at 4. At the end of the hearing, Johnson himself asked that his plea agreement be set aside and that he be allowed to

2

proceed to trial, but the district judge denied Johnson's request and held fast to the sentence. *Id.* at 6.

An amended judgment was entered in October 2, 2009. *Flenory, et al.,* No. 05-cr-80955-AC-RSW-11, at Doc. 1243. The purpose of the amended judgment was to "clarify the federal sentence is to be served concurrent with the state sentence." *Id.* The amended judgment specified that he "should receive federal credit retroactively from November 14, 2008." *Id.; see Johnson v. Baird,* No. 16-cv-00235-CJP, Doc. 44 (S.D. Ill. 2016).

At the time his federal sentence was imposed, Johnson was in the custody of the Michigan Department of Corrections. *Id.* He had been sentenced in July 2004 to 27 months imprisonment on state drug charges. *Id.* He was paroled in April 2005, but violated his parole shortly thereafter. *Id.* He received a sentence on the parole violation of 42 months to 7 years imprisonment on the first count and of 36 months to 30 years on the second count. *Id.* He was serving the parole violation sentence when his federal sentence was imposed. *Id.*

Johnson appealed his conviction and his sentence, but the Sixth Circuit rejected that challenge and affirmed his conviction on April 6, 2010. *See United States v. Johnson,* 371 F. App'x 631, 633 (6th Cir. 2010).

Johnson brought his first § 2241 petition on March 4, 2016. *Johnson v. Baird,* 3:16-cv-00235-CJP (S.D. Ill. 2016). Johnson sued the Warden of United States Penitentiary in Marion, Illinois alleging that the Bureau of Prisons had not properly calculated his past incarceration credit and thus that he was being held improperly in federal prison. *Id.*at Doc. 1. Johnson claimed in that lawsuit that he was entitled to credit for 1,530 days, representing the period from October 27, 2005, to January 4, 2010. *Id.* Johnson's petition was dismissed with prejudice. *Id.*at Doc. 44. First, the court found that Johnson failed to exhaust his administrative remedies with the Bureau

of Prisons. Second, the court found that, even if Johnson had exhausted his administrative remedies, 18 U.S.C. § 3585(b) provides that credit on a federal sentence can only be given for pretrial detention time "that has not been credited against another sentence." *Id.* Johnson received credit on his federal sentence from the date of his arrest on the federal warrant, October 26, 2005, to January 18, 2006, when he was returned to the primary custody of the state. *Id* Johnson also received credit on his federal sentence for the time beginning on the day on which it was imposed, November 14, 2008. *Id.* The time between was credited against his state of Michigan parole violation sentence and therefore could not be credited to his federal sentence. *Id.*

Johnson filed a second § 2241 petition on September 13, 2016, in the Southern Division of Illinois, where he attempted to challenge his conviction under § 2241. *See Johnson v. Powers*, No. 16-cv-01028-DRH, Doc. 5 (S.D. Ill. 2016). He asserted three claims: (1) "that the United States breached Section 1B1.8 of the United States Sentencing Guidelines when it used some of the information Johnson provided the Government to calculate Johnson's relevant drug quantity for sentencing purposes; (2) that there were other errors in the relevant drug quantity calculation and criminal history calculation in the Probation Office's presentence investigation report; and (3) the Michigan sentencing judge erred in applying a managerial role enhancement to Johnson's sentence." *Id.* at Doc. 5. Johnson's petition was dismissed with prejudice, because the claims in Johnson's § 2241 petition were not proper claims under § 2241.

## DISCUSSION

Title 28 U.S.C. § 2244(a) provides:

No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person ... if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus[.]

This provision applies to habeas petitions brought under § 2241. *Simon v. United States*, 359 F.3d 139, 142–43 (2nd Cir. 2004); *Shabazz v. Keating*, 242 F.3d 390, 392 (10th Cir. 2000) (unpublished) (stating that 2244(a) means that "we are not required to entertain a § 2241 petition if the legality of the detention has been determined by a prior application"); *Davidson v. U.S. Dept. Of Justice*, 239 F.3d 366 (5th Cir.2000) (per curium, unpublished); see also *Phelps v. U.S. Federal Government*, 15 F.3d 735, 737–38 (8th Cir.1994) (affirming district court's application of pre-AEDPA version of § 2244 to find an abuse of the writ in a successive § 2241 petition).

This is Johnson's third § 2241 petition. Johnson's claims are successive because he raised them or could have raised them in his earlier habeas petitions. *See Jordan v. Outlaw*, No. 10-cv-00036-WRW-JJV, 2010 WL 2471876, at 1 (E.D. Ark. June 14, 2010), *aff'd*, 393 Fed. Appx. 412 (8th Cir. 2010) (citations omitted); *see also Phelps v. U.S. Federal Government*, 15 F.3d 735, 737-38 (8th Cir. 1994) (affirming district court's application of pre-AEDPA version of § 2241 to find an abuse of the writ in a successive § 2241 petition). "A § 2241 petition is barred as successive under § 2241(a) if the same claims were raised and adjudicated on the merits in the petitioner's prior habeas proceedings." *Cathey v. English,* No. CIV. 10-2525 DWF/LIB, 2011 WL 3555583, at *5 (D. Minn. Mar. 2, 2011), report and recommendation adopted as modified, No. CIV. 10-2525 DWF/LIB, 2011 WL 3555581 (D. Minn. Aug. 11, 2011), aff'd, 446 Fed. Appx. 820 (8th Cir. 2012) (citations omitted).

Johnson seeks credit under 18 U.S.C. § 3585(b) for 413 days, or those days from November 17, 2008 to January 4, 2010. Doc. 1 at p. 3. In his first § 2241 petition, he sought credit 18 U.S.C. § 3585(b) for 1,530 days credit, or those day from October 27, 2005 to January 4, 2010. *Johnson*, 3:16-cv-00235-CJP , Doc. 1 at p. 3. The days at issue in the instant petition

were addressed in Johnson's first § 2241 petition. Therefore, Johnson's claim was raised and adjudicated on the merits in his prior habeas proceeding.

Furthermore, one of Johnson's attachments to his petition demonstrates that he already received credit for the time running from November 14, 2009 until January 4, 2010. Doc. 1-4 at p. 18. Johnson attached to his petition a "Sentence Monitoring Computation Data as of 02/26/2016" that shows the sentence computation begins on November 14, 2008. *Id.* Therefore, Johnson's attachment demonstrates he already possesses the relief he presently seeks

Accordingly, it is

ORDERED that Johnson's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 1, is denied.

DATED this 13ᵗʰ day of October, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE